**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **CHRISTOPHER C. KERCSMAR** | ) | **Case No. 12-11309-BFK** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **SCHWAB STRUCTURAL** | ) | |
| **ENGINEERING, INC.** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **Adversary Proceeding No. 12-01274** |
| | ) | |
| **CHRISTOPHER C. KERCSMAR** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion of the Defendant and Debtor,

Christopher C. Kercsmar, to dismiss the Complaint (Docket No. 7).  The Plaintiff filed a

Response (Docket No. 11), which the Court has considered.  The Court heard the Defendant's

and Plaintiff's arguments, through counsel, on August 28, 2012.

The Defendant's Motion asserts two grounds for dismissing the Plaintiff's Complaint: (a)

failure to state a claim under Fed. R. Civ. P. 12(b)(6), and (b) failure to timely file the adversary

complaint under Bankruptcy Rule 4007(c) and section 523(c) of the Bankruptcy Code.  The

Court will grant the Motion on the latter ground, failure to timely file the adversary proceeding.

**Findings of Fact**

The facts are not in dispute.  The Debtor's Chapter 7 case commenced upon the filing of

his voluntary Bankruptcy Petition on February 29, 2012.  Notice of the Chapter 7 Bankruptcy

Case, Meeting of Creditors, and Deadlines was sent to creditors on March 3, 2012.  This notice

stated that the Meeting of Creditors, under section 341 of the Bankruptcy Code, was scheduled

for April 9, 2012.  It further noted June 8, 2012 as the deadline to object to Debtor's discharge or

to challenge the dischargeability of specific debts under Bankruptcy Rule 4007(c).

The Meeting of Creditors was rescheduled to April 23, 2012.  Notice was once again sent

to creditors on March 16, 2012.  This notice stated, "Except for the date and time set forth above,

all other deadlines as set forth in the original notice of meeting of creditors in this case remain in

full force and effect."  (Bankr. Case No. 12-11309-BFK, Docket No. 9.)  Schwab Structural

Engineering filed its adversary proceeding objecting to the dischargeability of its debt on June

18, 2012.  Thus, it filed its 523(c) motion ten days after the bar date.  Schwab Structural

Engineering argues that its 523(c) complaint was not late because the bar date was extended

when the meeting of creditors was rescheduled.

**Conclusions of Law**

Bankruptcy Rule 4007(c) dictates the procedure for filing a complaint for

dischargeability under 11 U.S.C. § 523(c) of the Bankruptcy Code.  First it imposes a 60-day bar

date:  "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no

later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R.

Bankr. P. 4007(c).  It then provides that "[t]he court shall give all creditors no less than 30 days'

notice of the time so fixed."  *Id.*  The court may extend the time fixed under this subdivision, for

cause, but only if a party in interest files a motion "before the time has expired."  *Id.*  Finally,

Bankruptcy Rule 9006 limits enlarging "the time for taking action under Rules . . . 4007(c) . . .

only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3).

The general "excusable neglect" standard of Rule 9006(b)(1), therefore, does not apply to Rule

4007(c). *See* Fed. R. Bankr. P. 9006(b)(1).

A minority of jurisdictions hold that once the meeting of creditors is rescheduled, the bar

date for filing dischargeability complaints is extended accordingly. *See Allegheny Int'l Credit*

*Corp. v. Bowman,* 60 B.R. 423, 425 (S.D. Tex. 1986); *Fair City Enter. v. Keefe* (*In re Keefe*), 48

B.R. 717, 719 (Bankr. D.S.D. 1985). Schwab Structural Engineering argues that this Court

should follow the minority view and read "the first date set" in Rule 4007(c) as the first date in

which the meeting of creditors actually *occurred*, not the original date set.

When interpreting the language of a statute enacted by Congress, the canons of statutory

construction should be heeded. Specifically, "courts must presume that a legislature says in a

statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v.*

*Germain*, 503 U.S. 249, 253-54 (1992). Thus, when the words of a statute are unambiguous, the

plain meaning of the words should be given effect. *See Barnhart v. Sigmon Coal Co.*, 534 U.S.

438 (2002). Rule 4007(c) is unambiguous. The Bankruptcy Rules state that the bar date for

filing dischargeability complaints is scheduled "60 days after the *first date set* for the meeting of

creditors." Fed. R. Bankr. P. 4007(c) (emphasis added). Therefore, the plain meaning of this

Rule is that the deadline does not change when the meeting of creditors changes. *Sullivan v.*

*Costa* (*In re Costa*), 471 B.R. 768, 773 (Bankr. D. Mass. 2012) ("Other courts have strictly

construed the plain meaning of Rule 4007(c), and so shall this Court."); *Citibank v. Dishman* (*In*

*re Dishman*), 257 B.R. 780, 783 (Bankr. E.D. Va. 2000) (Tice, J.) ("Therefore, contrary to

counsel for [Creditor's] request, no provision is afforded the court by case law, statutory

authority, nor public policy to allow the court to exercise general equitable powers of discretion

to deviate from the provisions of Rule 4007(c).").[1]  Furthermore, a party in interest may request

an extension of time for filing a dischargeability complaint, but only if it this request is filed by

the bar date.  Fed. R. Bankr. P. 4007(c).  *Schwartz v. Weinberg* (*In re Weinberg*), 197 Fed. App'x

182, 185 (3d Cir. 2006) (Rule 4007(c) "unambiguously requires that a motion for an extension of

time 'shall be filed before the time has expired.'").

In this case, the first meeting of creditors was continued for two weeks, from April 9th to

April 23rd.  Schwab Structural Engineering still had forty-six days to file its Complaint, or to file

a motion to extend the time for filing its Complaint.  It failed to do either.  Therefore, Schwab

Structural Engineering's Complaint was not timely filed.

### Conclusion

The Defendant's Motion to Dismiss asserts two grounds for dismissing the Plaintiff's

Complaint: (a) failure to state a claim under Fed. R. Civ. P. 12(b)(6), and (b) failure to timely file

its adversary complaint under Bankruptcy Rule 4007(c) and section 523(c) of the Bankruptcy

Code.  The Court will grant the Motion on the latter ground, failure to timely file the adversary

complaint.  A separate Order shall issue.


Date:                                                                  _____
                                                                         Brian F. Kenney
                                                                         United States Bankruptcy Judge


---

[1] The language of Rule 4007(c), "60 days after the first date set for the meeting of creditors," can be compared with that of Rule 4003(b), which states that objections to Debtor's claim of exemptions must be filed "within 30 days after the meeting of creditors held under § 341(a) *is concluded*" (emphasis added). Clearly, if Congress had wanted to provide for 60 days after the conclusion of the meeting of creditors under Rule 4007(c), it could have so stated.

Copies to:

Nathan Dee Baney, Esquire
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Counsel for Plaintiff

Christopher C. Kercsmar
12609 Franklin Farm Road
Herndon, VA 20171
Debtor / Defendant

George LeRoy Moran, Esquire
4041 University Drive, Suite 301
Fairfax, VA 22030-3410
Counsel for Defendant

David Kriewaldt, Esquire
1100 NASA Parkway, Suite 420K
Houston, Texas 77058
Counsel *pro hac vice* for Plaintiff